IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES DWAYNE KLINE, II,             )
                                     )
        Plaintiff,                   )
                                     )
    -vs-                              )        Civil Action No.  16-149
                                     )
NANCY A. BERRYHILL,[1]                )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
        Defendant.                   )

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since August 30, 2013. (ECF No. 5-6, p. 13). Administrative Law Judge ("ALJ"), Gary Ball, held a hearing on January 16, 2015. (ECF No. 8-2, pp. 31-68). On March 11, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 18-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 12). The issues are now ripe for review.

---

1 Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Opinion Evidence and Residual Functional Capacity ("RFC")[2]</u>

Plaintiff asserts the ALJ erred in weighing the medical opinion evidence of Dr. Santiago, Plaintiff's treating physician. (ECF No. 9, pp. 9-11). Specifically, Plaintiff argues that the ALJ erred in failing to address Dr. Santiago's opinion regarding Plaintiff's migraines and their impact on his non-exertional tasks such as driving. *Id.* Therefore, Plaintiff submits that remand is necessary.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff submits that the ALJ did not fully discuss Dr. Santiago's opinion as it relates to his migraines and the impact of his migraines on his ability to function, such as his ability to drive or travel without a companion because Plaintiff does not drive. (ECF No. 9, pp. 9-11). After a review of the record, I disagree. Dr. Santiago completed a medical source statement of

4

physical ability to do work related activities. (ECF No. 5-10, pp. 20-25). Therein, Dr. Santiago specifically stated that Plaintiff "doesn't drive. Migraine attacks happen with extreme humidity and heat and exposure to certain odors and fumes." (ECF No. 5-10, p. 24). He further noted that Plaintiff "doesn't drive. Parents take him everywhere. Severe migraines can occur at any time." (ECF No. 5-10, p. 25). Thus, contrary to Plaintiff's assertion, Dr. Santiago's notes do not opine that Plaintiff does not drive due to his migraines or that he must travel with companions. *See,* ECF No. 5-10, pp. 24-25. Therefore, I find no error on the part of the ALJ for failing to incorporate the same into his discussion or the RFC.

With regard to the limitations noted by Dr. Santiago that can be attributed to Plaintiff's migraines, I note that the ALJ incorporated said limitation (related to humidity and wetness, extreme heat, dust, odors, fumes or other pulmonary irritants) into the RFC. (ECF No. 5-2, pp. 20-21). Based on the evidence, I find the ALJ appropriately discussed Dr. Santiago's opinion and weighed it properly. Consequently, I find no error in this regard either. Therefore, remand is not warranted on this basis.

**C.** **<u>Migraines</u>**

Plaintiff also asserts that remand is required "because despite finding that Plaintiff had a severe impairment of migraine headaches, the ALJ made no findings with regard to the relevant and contested function of the degree to which Plaintiff would be off task or absent from work." (ECF No. 9, pp. 12-16). Basically, Plaintiff argues that the ALJ failed to include limitations pertaining to his migraines in his RFC. *Id.* In support thereof, Plaintiff points to evidence that supports his position that he has limitations related to his headaches. *Id.* at pp. 12-16. To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Thus, this is support is misplaced.

5

The ALJ found Plaintiff's migraines to be a severe impairment. (ECF No. 5-2, p. 20). Just because an impairment is found to be severe, however, does not mean that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC.").

An ALJ must base his RFC assessment on all of the relevant evidence of record. 20 C.F.R. §§ 404.1545(a), 416.945(a). In his/her opinion, the ALJ must provide sufficient explanation of her final determination to provide the reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981). That is, the ALJ's decision must allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203–04 (3d Cir. 2008); *see also Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir.2001) (the ALJ's decision should allow the reviewing court the ability to determine if "significant probative evidence was not credited or simply ignored").

In determining Plaintiff's RFC, the ALJ thoroughly considered Plaintiff's migraines and the associated record evidence. (ECF No. 5-2, pp. 18-26). Specifically, he detailed Plaintiff's medical records and opinion evidence related to Plaintiff's migraine headaches. *Id.* He also discussed Plaintiff's testimony related thereto and found it to be out of proportion to and inconsistent with the evidence of record, including Plaintiff's activities of daily living. *Id.* at pp. 21-24. Additionally, the ALJ found Plaintiff to be not entirely credible.[3] *Id.* at p. 36. Moreover,

---

[3] An ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that

the ALJ considered and weighed the testimony of Plaintiff's father. *Id.* at p. 24. Based on the above, I find the ALJ adequately addressed the issue of Plaintiff's migraine headaches. I further find the ALJ's determination that the record did not support a finding that his migraines eroded Plaintiff's RFC in such a manner is based on substantial evidence. *Id.* at pp. 20-26. Therefore, remand on this basis is not warranted.

        An appropriate order shall follow.

---

weight." *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES DWAYNE KLINE, II, )
)
        Plaintiff, )
)
 -vs- ) Civil Action No. 16-149
)
NANCY A. BERRYHILL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 30th day of August, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                BY THE COURT:

                s/   Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.